

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00122-CR
_____

EX PARTE RYAN ROBIN RICHARDS

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2020-3182-1

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Ryan Robin Richards appeals from the trial court's order, which he contends denied his application for a writ of habeas corpus that sought a reduction of his alleged $200,000.00 bail. Yet, the record does not show that $200,000.00 bail was set in this case prior to Richards's application and, as written, the order appealed from plainly stated that Richards's application was granted. As further described below, the order presents an ambiguity when read in the context of the appellate record, which prevents the proper presentation of this case. As a result, we abate this case to the trial court under Rule 44.4 of the Texas Rules of Appellate Procedure to correct the ambiguity.

The trial court's cause number in this case is 2020-3182-CL. In a different case, cause number 2020-739-CL, Richards was previously indicted for family violence assault by occlusion. His violation of bond conditions in that case led to forfeiture of his bond, as well as the unindicted charges in this case for continuous violence against family, a third-degree felony, and violation of a protective order, a misdemeanor. Even though a $15,000.00 bond had been set for continuous family violence, and he was not being held on the misdemeanor charge, Richards filed a motion to reduce bond in this case, which mistakenly misrepresented that his bail was set at $200,000.00.

At the hearing on his application, the trial court clarified that the only bond at issue in this case was $15,000.00, not $200,000.00 as Richards had represented. The hearing then morphed into a bond reduction hearing in trial court cause number 2020-739-CL on the family violence assault by occlusion case because no bond had been set in that case after the original bond was

2

forfeited. At the conclusion of the hearing, the court announced that it was "going to maintain the bond in Cause Number 2020-739-CL at $200,000."

As a result of the hearing, it appears the trial court considered Richards's bond reduction application as being filed in the family violence assault by occlusion case, granted that application on October 20, 2020, after handwriting the cause number "20-739-Cl" on the order, and set Richards's bail in that case at $200,000.00. However, the order also contains the cause number in this case, which was not struck from the order when it was signed. As a result, the order appealed from is ambiguous because it is subject to at least the following interpretations: (1) the order grants a motion to reduce bail only in cause number 2020-739-CL and denies a motion to reduce a $15,000.00 bond in 2020-3182-CL; (2) the order grants a motion to reduce bail in both cases, sets bail at $200,000.00 in cause number 2020-739-CL, and fails to set an amount of bail in cause number 2020-3182-CL; (3) the order sets bail at $200,000.00 in both cause numbers, or (4) the order grants a motion to reduce bail only in cause number 2020-739-CL with no ruling as to cause number 2020-3182-CL. Because correction of this ambiguity is required for the proper presentation of this case, which includes the question of whether this Court has jurisdiction to address Richards's point of error on appeal, we must abate this appeal under Rule 44.4(a) of the Texas Rules of Appellate Procedure.

Under Rule 44.4(b), we direct the trial court to correct the order by resolving the ambiguity. As a result, we abate the appeal in our cause number 06-20-00122-CR, with the following instructions:

3

(1)    the trial court shall enter findings resolving the ambiguities presented by its October 20, 2020, order;

(2)    the trial court shall modify the October 20, 2020, order in trial court cause number 2020-3182-CL as necessary to reflect the resolution of ambiguities

(3)    a supplemental clerk's record (including any orders and findings) shall be filed with this Court no later than **March 16, 2021**.

*See* TEX. R. APP. P. 44.4. Due to the expedited nature of habeas proceedings, the trial court shall make the required findings on abatement in an expedited fashion. The appeal will be reinstated in this Court following the filing of the supplemental clerk's record. Until such time, the February 9, 2021, submission date is hereby withdrawn.

IT IS SO ORDERED.

BY THE COURT

DATE:      March 5, 2021